IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF TEXAS

EL PASO DIVISION

| | | |
|---|---|---|
| ANDRES CASTANEDA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Civil Action No.    3:21-cv-00038 |
| | ) | |
| WAL-MART STORES TEXAS, LLC, | ) | |
| | ) | |
| Defendant. | ) | |

---

## DEFENDANT'S NOTICE OF REMOVAL

---

WAL-MART STORES TEXAS, LLC ("Defendant") respectfully submits this Notice of Removal for the purpose of removing the above-entitled action from the 327th Judicial District Court in El Paso County, Texas to the United States District Court for the Western District of Texas. As grounds for this Notice of Removal, Defendant states as follows:

### I. PROCEDURAL HISTORY

1.      Plaintiff Andres Castaneda commenced this action in the 327th Judicial District Court in El Paso County, Texas, Cause No. 2021DCV0313, by filing his Original Petition ("Petition") on January 29, 2021. Copies of all pleadings filed in that action are attached as Exhibit A. In his Original Petition, Plaintiff alleges nonsubscriber negligence claims in relation to an injury he claims to have suffered while the course and scope of his employment with Defendant on October 21, 2019.

2.      Plaintiff served his Original Petition on Defendant on February 3, 2021 [Exhibit "A"].  This removal is thus timely filed.

3.      As Defendant more fully states below, removal of this matter is proper under 28 U.S.C. §§ 1332 and 1441 based on diversity jurisdiction.

## II.  DIVERSITY JURISDICTION

4.      Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.00.

5.      Plaintiff is a resident, and therefore, a citizen of El Paso County, Texas.

6.      Defendant is a single-member limited liability company whose sole member is Wal-Mart Real Estate Business Trust whose sole shareholder is Wal-Mart Property Co. Wal-Mart Property Co. is a corporation incorporated in Delaware and has its principal place of business in Arkansas.  Thus, there is complete discovery of citizenship between Plaintiff and Defendant.

7.      Where it is "facially apparent" that the claims more likely than not exceed $75,000, exclusive of interest and costs, the amount in controversy requirement of $75,000 for diversity jurisdiction is met.  *Felton v. Greyhound Lines, Inc.*, 324 F.3d 771, 773 (5th Cir. 2003) (quoting *DeAguilar v. Boeing Co.*, 11 F.3d 55, 58 (5th Cir. 1993).   In his Original Petition, Plaintiff pleads that he is seeking damages for the following: reasonable medical care and expenses in the past and future, physical pain and suffering in the past and future, mental anguish in the past and future, disfigurement, lost wages and lost earning capacity in the past and future, and past and future impairment. Plaintiff seeks monetary relief of no less than $200,000 and no

more than \$1,000,000. *See* Exhibit "A." Plaintiff's claim for damages, therefore, exceeds \$75,000, exclusive of interest and costs.

8. Because Plaintiff is a citizen of Texas and Defendant is a citizen of Delaware and Arkansas, this Court has original jurisdiction over this action pursuant to the provisions of 28 U.S.C. § 1332(a)(1).

9. Under 28 U.S.C. § 1441(a), venue of the removed action is proper in this Court as the district and division embracing the place where the state action is pending.

10. Accordingly, because this civil action is wholly between citizens of different states and because the matter in controversy exceeds the sum or value of \$75,000, exclusive of interest and costs, this Court has original jurisdiction over this matter pursuant to 28 U.S.C. § 1332(a)(1), and this action is removable pursuant to 28 U.S.C. § 1441.

## III. OTHER REMOVAL MATTERS

11. Defendant reserves the right to amend or supplement this Notice of Removal.

12. There have been no pleadings served upon Defendant other than Plaintiff's Original Petition.

13. This Notice of Removal is filed within 30 days of service upon Defendant of the petition in compliance with 28 U.S.C. § 1446(b).

14. Pursuant to 28 U.S.C. § 1446(d), Defendant shall give Plaintiff written notice of the filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County Texas, 327th Judicial District Court, attaching a file-stamped copy of this Notice of Removal.

15. Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

WHEREFORE, Defendant gives notice that *Andres Castaneda v. Wal-Mart Stores Texas, LLC*, Cause No. 2021DCV0313, in the 327th Judicial District Court of El Paso County Texas is removed to the United States District Court for the Western District of Texas.

Respectfully submitted,

**BLANCO ORDOÑEZ MATA & WECHSLER, P.C.**
5715 Cromo Drive
El Paso, Texas 79912
(915) 845-5800
(915) 845-5555 (Facsimile)

By: _____

**STEVEN J. BLANCO**
State Bar No. 00796217
sblanco@bomwlaw.com
**ROBERT M. ESTRADA**
State Bar No. 24071886
restrada@bomwlaw.com

Attorneys for Defendant

## CERTIFICATE OF SERVICE

I certify that a true and correct copy of the foregoing document was served upon all counsel of record utilizing the Court's electronic filing system on this the 22 day of February, 2021.

_____
**STEVEN J. BLANCO**

# EXHIBIT A

Filed on February 1, 2021
4:50pm
Norma Favela Barceleau
District Clerk
El Paso County, Texas

Delgado, Rose

# THE STATE OF TEXAS

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. In addition to filing a written answer with the clerk, you may be required to make initial disclosures to the other parties of this suit. These disclosures generally must be made no later than 30 days after you file your answer with the clerk. Find out more at TexasLawHelp.org"

TO:   **WAL-MART STORES TEXAS, LLC,** who may be served with process by serving its registered agent, **CT CORPORATION SYSTEM** at **1999 BRYAN ST STE 900, DALLAS, TX 75201** or wherever he/she may be found.

Greetings:

You are hereby commanded to appear by filing a written answer to the **Plaintiff's Original Petition** at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable **County Court at Law Number 6,** El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on this the 29th day of January, 2021, by Attorney at Law, OSCAR MENDEZ, JR., 109 N OREGON 12TH FLOOR, EL PASO, TX 79901 in this case numbered **2021DCV0313** on the docket of said court, and styled:

**ANDRES CASTANEDA**
**VS**
**WAL-MART STORES TEXAS, LLC**

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Set of Request for Production to Defendant and Plaintiff's Jury Request** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the 1st day of February, 2021

CLERK OF THE COURT

**NORMA FAVELA BARCELEAU**
District Clerk
El Paso County Courthouse
500 E. San Antonio Ave, RM 103
El Paso, Texas 79901

Attest:   NORMA FAVELA BARCELEAU    District Clerk
El Paso County, Texas

By _____, Deputy
Rose Delgado

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

**RETURN**

Came on hand on _____ day of _____, 20____, at _____ o'clock ____M., and executed in _____ County, Texas, by delivering to each of the within-named defendants, in person, a true copy of this Citation, having first endorsed thereon the date of delivery, together with the accompanying true and correct copy of the **Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Set of Request for Production to Defendant and Plaintiff's Jury Request**, at the following times and places, to-wit:

| NAME | MONTH | DATE DAY | YEAR | Hour | TIME Min. ____.M. | Place, and Course and Distance From Court House |
|------|-------|------|------|------|------|------|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

And not executed as to the defendant, _____

_____

The diligence used in finding said defendant, being _____

And the cause of failure to execute this process is: _____

And the information received as to the whereabouts of the said defendant, being _____

      FEES—SERVING _____ copy _____ $ _____  _____ Sheriff

                          _____  _____ County, Texas

         Total _____ $ _____  by _____, Deputy

## CERTIFICATE OF DELIVERY

I do hereby certify that I delivered to _____, on the _____ day of _____

20_____, at _____o'clock ____m. this copy of this instrument.

                                         _____, Sheriff/Agent

                                         _____County, Texas

                             By _____, Deputy/Agent

**SUBSCRIBED AND SWORN TO BEFORE ME ON THE _____ DAY OF _____, 20____.**

        **(SEAL)**

                        _____

                        **NOTARY PUBLIC, STATE OF TEXAS**

Filed 1/29/2021 10:59 AM
Norma Favela Barceleau
District Clerk
El Paso County
2021DCV0313

ANDRES CASTANEDA,                          §
                                           §
     Plaintiff,   §
                                           §
vs.                                        §          Cause No. 2020-DCV1798
                                           §
WAL-MART STORES TEXAS, LLC                 §
                                           §
                                           §
     Defendant.   §

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

     COMES NOW ANDRES CASTANEDA (hereinafter called "Plaintiff"), complaining of WAL-MART STORES TEXAS, LLC. (hereinafter called "Defendant"), and for a cause of action would show the Court and/or Jury the following:

### I.

Discovery will be conducted in Level III.

### II.

     ANDRES CASTANEDA is a male citizen of the United States of America, residing in El Paso County, Texas and at all times relevant to this litigation was employed by Defendant.

     Defendant WAL-MART STORES TEXAS, LLC is a Delaware company doing business in El Paso County, Texas and may be served with process by serving its registered agent CT CORPORATION SYSTEM at 1999 Bryan St., Suite 900, Dallas, Texas 75201 or wherever may be found.

     Pursuant to Texas Rule of Civil Procedure 28, Plaintiff hereby sues Defendant WAL-MART STORES TEXAS, LLC in its assumed or common name for the purpose of enforcing Plaintiff's substantive rights against it.

1

**III.**

On or about October 21, 2019 while in the course and scope of his employment as an overnight stocker with Defendant, Plaintiff was given a non-retractable box cutter by management. Due to the box cutter not being retractable the box cutter slipped cutting Plaintiff's finger causing injury to Plaintiff's finger, and other parts of his body. Defendant maintains a policy to only use a retractable box cutter to prevent injury. As a result of the injury, Defendant terminated Plaintiff's employment with Defendant on December 18, 2019.

**IV.**

Under Texas law, Defendant had a non delegable duty to provide a safe workplace to its employees. (See Tex. Lab. Code §411.103.) Defendant failed to ensure a safe work place for Plaintiff. Defendant, failed to become a subscriber under the Worker's Compensation Act of this State.

**V.**

At the time of his discharge Plaintiff was an employee of Defendant.  Plaintiff was earning approximately $460.00 per week plus employment benefits.

After his discharge from the employ of Defendant Plaintiff was under the care of his Doctor and has not been released, so he has not started finding another comparable job.

**VI.**

Plaintiff would show that the damages and injuries were caused by the negligence of Defendant, their employees, agents and representatives.  Plaintiff would show that Defendant owed a duty to Plaintiff that Defendant breached such duty, and that such breach was a proximate cause of the injury and the resulting damages to Plaintiff.  Defendant was negligent by breaching its duty to Plaintiff in one or more of the following alternative theories of negligence:

1.        Failure to furnish Plaintiff with a safe place to work;

2

2.     Failure to provide adequate means of communication to enable its employees to inquire or obtain guidance from their employer on how to safely perform their job;
3.     Failure to supervise the work;
4.     Failure to furnish Plaintiff with adequate, necessary and suitable tools, appliances and safety equipment;
5.     Failure to properly educate, instruct and supervise Plaintiff in the performance of his duties;
6.     Failure to supply adequate and reasonably competent fellow employees;
7.     Failing to inspect the workplace;
8.     Failure to establish and enforce safety rules and regulations.
9.     Failure to warn Plaintiff of the dangers.
10.    Negligence per se in violating OSHA Standards Section 1926.20, General Safety and Health Provisions, by permitting laborers to work in surroundings or under working conditions which are hazardous or dangerous to his health or safety.
11.    Negligence per se in violating OSHA Standards Section 1926.20 1(b) by failing to do one or more of the following (A) initiating and maintaining such programs as may be necessary to comply with OSHA safety law,( B) failing to have a competent person (as defined by OSHA) perform frequent and regular inspections of the job sites, materials, and equipment.  C) Failing to have a competent safety person on the job site.
12.    Failing to adequately train, educate, or provide instructions and orders to persons.

13.    Negligence of co-employee
14.    Failing to provide proper safety manuals and instructions to employees responsible for safety.
15     Other negligence.

One or more of the foregoing negligent acts and omissions, whether taken singularly or in any combination, was a proximate cause of Plaintiff's injuries and damages which are described below.

## VII.

Plaintiff denies that a valid Arbitration Agreement exists. Plaintiff would show that Defendant' alleged Arbitration Agreement and Injury Plan are void and invalid for one or more of the following alternative reasons:

1.     The Arbitration and Plan is void in violation of Texas Administrative Code, Article 16 §5; 182.
2.     It is void in violation of Texas Labor Code § 406.033(e) and 406.035.
3.     Defendant engaged in fraud, fraud in the inducement and misrepresentation concerning the "Arbitration" and "Plan" documents.
4.     There was NO consideration. This is totally unfunded.  There is no segregated funds, no

3

obligation to pay, no guarantee of payment, no insurance, **no nothing**. This contract is like trying to force arbitration by a seller who claims he is selling the Brooklyn Bridge when he doesn't own it. Arbitration in this non-subscriber case is purely a fraudulent scheme to force loyal injured employees to get less than they are entitled to under workers' compensation and less than their common law rights provides. The plan benefits cease upon termination of employment. If they get injured, Defendant can fire them and they receive no benefits. The plan provides no coverage if suit is filed. So Plaintiff's rights to recover ended the day this suit was filed.

5. The documents are unconscionable. They are procedurally and substantive unconscionable.

6. The documents were executed based on fraud in the inducement and under duress.

7. The documents are illegal, oppressive and violate Texas Arbitration Act § 171.002(a)(3).

8. Right to Jury Trial on Fact Issues. Fraud, misrepresentation, no consideration and other contract defenses are fact issues, Under The Texas Constitution, Plaintiff is entitled to a jury trial in these issue. Plaintiff requested a jury trial. The court cannot ignore this request.

9. Not a knowing voluntary agreement. Plaintiff had no understanding of this document.

10. Against public policy.

## VIII.   DAMAGES

As a direct result and proximate cause of the negligence of Defendant, Plaintiff suffered bodily injuries. Plaintiff has incurred expenses for medical care and attention and other expenses in the past. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care and attention and will necessarily incur reasonable expenses in the future for such medical needs.

As a result of the injury, Plaintiff was prevented from working and has suffered lost wages and lost earning capacity in the past. Plaintiff will continue to suffer a loss of wage earning capacity in the future. Plaintiff was prevented from performing his household duties in the past and will continue to be unable to perform his household duties in the future. Plaintiff has suffered physical pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in

4

the future. Plaintiff has suffered impairment in the past and will continue to suffer impairment in the future. Plaintiff has suffered disfigurement in the past and will continue to suffer disfigurement in the future.

Plaintiff has suffered damages within the jurisdictional limits of this Court. Pursuant to T.R.C.P. 47, Plaintiff is required to plead the maximum amount of damages sought, however, some damages are unliquidated and cannot be easily calculated in monetary terms. In addition, discovery has not yet begun and the extent of Plaintiff's future damages are still being determined. At this early stage of the proceedings, Plaintiff requests the jury be fair and reasonable in its determination of actual damages in an amount monetary relief over $200,000.00 but no more than $1,000,000.00.

## IX.    JURY DEMAND

Plaintiff hereby requests trial by jury on the issues of this case.

## X.    REQUESTS FOR DISCLOSURE

Pursuant to Rule 194, Defendant are requested to disclose within the time period set forth in Tex. R. Civ. P. 194 the information or material described in Rule 194.

## XI.    PRAYER FOR RELIEF

**WHEREFORE, PREMISES CONSIDERED**, Plaintiff requests the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is justly entitled.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com


*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

IN THE ~~327~~th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

ANDRES CASTANEDA,                     §
                                      §
        Plaintiff,                    §
                                      §
vs.                                   §        Cause No. 2021-DCV0313
                                      §
WAL-MART STORES TEXAS, LLC            §
                                      §
                                      §
Defendant.                            §

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANTS AND PRIVILEGE LOG

TO:    DEFENDANT

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath. Your answers are to be preceded by the Interrogatory to which the answer pertains. The answers are to be signed and verified under oath by the persons making them as true and correct. You are to respond to these interrogatories **FIFTY-ONE (51) DAYS** after service. If you object or assert a privilege in answering these Interrogatories, or any part thereof, you shall serve your objection upon Plaintiffs in writing within **FIFTY-ONE (51) DAYS** after service. You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer. You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure. If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiffs will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure. Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form any information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made

1

within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

**PRIVILEGE LOG:**  Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld.  Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

2

## <u>INTERROGATORIES</u>

1.  Describe this Defendants. Please include information on the State of Incorporation, all locations at which it does business in Texas, gross annual sales for the current year and the name and address of the officers and directors thereof.

2.  Describe with particularity the relationships and agreement between the Defendants and any other person, firm or entity, with regard to the job in question (supervisor, fellow stockers, etc.).

3.  Describe your safety program and what protections you have to prevent injuries such as this on the job.

4.  Please describe how Plaintiff's alleged occurrence happened, giving all events in detail in the order in which they occurred, and the acts of omissions of each person, firm or entity you claim is negligent herein.

5.  Prior to Plaintiff's injury, describe in detail your knowledge of or investigation of the job Plaintiff was performing, the equipment, and personnel needed to safely effect his job.

6.  Please state what precautions, if any, were taken by you or any agent or employee of yours, on the date of, prior to, and after the date of Plaintiff's alleged occurrence, to prevent injuries to your employees and users for the job in question.

7.  Describe your policy, procedure and duties for safety on the job in question.  Include the name, address and phone number of the custodian of records of safety logs, procedures, manuals and inspection reports.

8.  Please state whether and what assistance was rendered to Plaintiff immediately after Plaintiff's alleged occurrence, particularly with regard to the physical condition of Plaintiff (any obvious signs of bleeding, bruises, cuts or other physical injury), the emotional and mental condition of Plaintiff (crying, talking, complaining of pain or otherwise mentally disturbed), and the appearance of Plaintiff's clothing (disarranged, torn, dirty or otherwise).

9.  Describe any condition, defect or object on the premises which caused Plaintiff's injuries, including any efforts on your part to protect against or remove same.

10.  Prior to the alleged occurrence, state whether you or any agent or employee of yours had any knowledge of the existence of any condition in or on the premise where Plaintiff's alleged occurrence happened, including how you or any agent or employee of yours acquired such knowledge and how long the condition or defect had been present prior to the alleged occurrence.

11.  Describe any examination, investigation or inspection made by you or any agent or employee of yours of the site of Plaintiff's occurrence, including the date and time of day of such

3

examination, investigation or inspection, the identification, including the name and address of the person or persons making such examination or inspection, the complete details of what such examination, investigation or inspection consisted, the complete details of what such examination, investigation or inspection revealed or showed, and the complete details of each and every activity done or undertaken by you or any agent or employee of the Defendants as a result of any condition or circumstance disclosed by such examination.

12. For each claim filed against you where it was alleged that a person was injured while in your employ where worker's compensation insurance coverage was excluded, describe:

    a. The name, address and phone number of the custodian of all incident reports, accident reports and investigative files, the circumstances concerning the injury, findings, judgment and settlements thereon.
    b. The name and address of the Plaintiff;
    c. The date of such injury or incident;
    d. Style and location of the lawsuit;
    e. Name and address of Plaintiff's attorney;
    f. Nature of Plaintiff's injuries;
    g. The basis upon which you denied responsibility.

13. State the names, addresses and phone numbers of all persons with knowledge of relevant facts regarding any matter in any way related to the issues involved in this lawsuit.

14. Did Plaintiff sustain an injury on the date set forth in Plaintiff's Petition while in the course and scope of his employment for the employer?  If not, state in detail each fact on which Defendants denies that Plaintiff sustained an injury.

15. When did Plaintiff's employer or supervisory personnel first have knowledge or become aware that Plaintiff sustained or was stating that he sustained an injury?

16. Has Defendants been presented with any bills or charges for medical, chiropractor, hospital or pharmaceutical treatment of Plaintiff?

    a. If so, state the name of each person or concern to whom the payments have been made and the amounts of the payments.
    b. If Defendants has not paid any bills or charges for medical, hospital, or pharmaceutical, state the name of the person or concern presenting bills or charges that have not been paid, the dates of the services or benefits claims, the amounts of those charges and the reason why Defendants has not paid them.

17. State the basis on which Plaintiff was paid (hourly, daily, weekly, monthly) and the rate of scale at which Plaintiff was being paid during the 12 month period immediately preceding the above date.  Include the value of each of the following benefits:  sick leave, vacation time, health insurance, pension benefits, longevity pay an other employment benefits.

18.    What was Plaintiff's job title or classification on the date of the alleged injury? Describe Plaintiff's job responsibilities. State whether Plaintiff's work before and after the above date was considered satisfactory by the employer and by supervisory personnel. If not, state each reason why Plaintiff's work was not considered satisfactory.

19.    Does Defendants contend that the incapacity made the basis of this suit was or is solely caused or partially caused by injury, disease, or bodily conditions or any combination thereof, occurring either before or after the accidental injury made the basis of this suit?

        a.    If so, state fully each of the conditions that Defendants contends constitute the sole or partial cause of Plaintiff's incapacity and the extent of its contribution to Plaintiff's present condition.

        b.    If so, state the approximate date that Defendants contends each such condition first occurred and the cause thereof.

        c.    If so, state the name, address and phone number of each doctor upon whom you rely for this information and the dates of examination.

20.    Please describe your policy for issuing out box cutters to employees including what type of box cutters are issued.

21.    Explain why Plaintiff was terminated.

5

IN THE 327th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ANDRES CASTANEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV0313 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| | § | |
| Defendant. | § | |

**PLAINTIFF'S REQUEST FOR PRODUCTION OF DOCUMENTS AND THINGS**

TO:    DEFENDANT

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action.  Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m.**

**FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

**SCHERR  & LEGATE, PLLC.**
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request," as

1

provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193.  If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiffs will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to plaintiff pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:** Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendants identify the information and material withheld.  Demand is hereby made that the

2

identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

### ITEMS TO BE PRODUCED

1.      A copy of all licenses issued to this Defendant.

2.      A copy of your corporate charter (Articles of Incorporation).

3.      Any arbitration agreement you claim exists.

4.      Original executed "Plan" documents.

5.      All filings made on this Plan.

6.      All correspondences on this Plan.

7.      All financial reports made on this Plan.

8.      All annual reports filed on this Plan.

9.      All plan documents.

10.     All complaints on this Plan.

11.     Explanation of the benefits and detriments on these documents

12.     Notice of posting of cessation of workers compensation benefits.

13.     The financial reports of this benefit plan from January 1, 2016 through present

14.     Financial reports on this plan from January 1, 2016 through present, including those filed with the Department of Labor.

15.     Net worth of this plan.

16.     Net worth of the funding source for this plan.

17.     All bank statements from January 1, 2016 through present on the plan documents.

18.     All financial reports on the Plan with statements, schedule table and benefits.

19.     All certifications and filings of the Plan with the U.S. Department of Labor and Internal Revenue Service.

20.     Minutes and records of all meetings of the trustee or directors of the Plan.

21.     All documentation concerning the Plan.

4

22.     Any payments made to Plaintiff under the Plan or injury plan for the incident in question.

23.     Any reimbursement paid by Defendant to the Plan for Plaintiff.

24.     All checks and payments made by Defendant to Plaintiff or on behalf of the Plaintiff (to health care providers).

25.     All documents, contracts, leases and invoices for the area where Plaintiff was injured.

26.     All requirements for safety for operating the trash compactor.

27.     All safety manuals for the job in question.

28.     All notices, citations, letters, demands, applications, court orders, findings and other tangible items from or to any governmental entity concerning the job, work conditions, OSHA notices and safety violations for the job in question.

29.     All rules, regulations and standards (including federal, state, governmental, contractual and company) relating to the job in question, and persons working with Plaintiff in the area of the incident made the subject of this suit.

30.     All OSHA logs, particularly form 300's, on the job site.

31.     Any nurses notes made for the injury in question.

32.     Weekly check list for safety on this job from January 1, 2016 to present.

33.     For each claim filed against you where it was alleged that a person has been injured on your job site, provide the following:

        A. Copy of all incident reports, accident reports and investigative files;
        B. Copies of all pleadings, judgments and settlements thereon;

34.     Safety inspection sheets for this job from January 1, 2016 to present.

35.     All maintenance reports, accident reports, claims, repair or replacement information (including all details, contracts, plans, specifications and other documents) and other recorded written information concerning or involving the job-site location made the subject of this suit.

36.     Photographs and videotape of the area where the Plaintiff was injured taken on the date of the incident to present.

37.     The accident report or investigation report made of the incident in question.

38.     Any contract, agreement, franchise agreement or other tangible items involving your relationship with Plaintiff.

39.     The Declaration Sheet and policy of insurance insuring Defendant in this claim.

40.     Any photographs, drawings, sketches, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, trash compactor, or the Plaintiff.

41.     All statements made by Plaintiff.

42.     All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the accident made the subject of this suit which were made prior to anticipation of litigation.

43.     Any and all reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in the case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

44.     A copy of any surveillance movies or photographs which have been made of Plaintiff.

45.     Any and all documents reflecting any disciplinary action for this incident.

46.     Any and all files, reports, notes, resumes, pictures, statements or other written materials of any kind from any expert witness who you will call to testify in this case.

47.     Any statement, report, correspondence or records made by Defendant, Plaintiff or any other person (other than this Defendant), its employees, agents or representatives of such parties, or any other company involving the claim made the subject of this suit, whether written or oral.

48.     Any light duty plan or program of Defendant.

49.     Any employee injury benefit plan

50.     Medical file of Plaintiff.

51.     Personnel file of Plaintiff.

52.     All worker's compensation and/or "The Plan" files of Plaintiff.

53.     Nurses notes taken on the Plaintiff.

6

55.     All OSHA Form 300 reports for the year of Plaintiff's injury.

56.     Any safety inspection checklist of the equipment in question.

57.     All explanations and brochures on your employee injury program.

58.     All physical models and all other exhibits which may be used at trial by any witness, either expert or lay.

59.     Pursuant to Texas Rules of Evidence 609, please provide any documents or other information you have which suggests Plaintiff(s), Defendant(s), or any witness identified in this lawsuit, including expert and consulting witnesses, has been convicted of a crime which was a felony or one which involved moral turpitude.  Please state the nature of the crime, date of conviction, court/county of conviction, disposition, and if probation was imposed, please state if the probation was successfully completed.

60.     Any and all documents relating to the denial of Plaintiff's benefits through any benefit plan of Defendant.

61.     Any and all documents related to Plaintiff reporting an on the job injury to Defendant.

62.     Any and all records, manuals and information given to employee's regarding box cutters and how to properly use them.

IN THE 327th JUDICIAL DISTRICT COURT
EL PASO COUNTY, TEXAS

| | | |
|---|---|---|
| ANDRES CASTANEDA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 2021-DCV0313 |
| | § | |
| WAL-MART STORES TEXAS, LLC | § | |
| | § | |
| | § | |
| Defendant. | § | |

## JURY REQUEST

On this the 29th day of January, A.D. 2021, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 N. Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 voice
(915) 532-1759 facsimile
omendez@scherrlegate.com

*/s/Oscar Mendez Jr.*
**OSCAR MENDEZ JR.**
State Bar No. 24058473

1



JAMES FRANKLIN SCHERR**
SAM JACKSON LEGATE*
JOSEPH G. ISAAC**
JEFFREY B. POWNELL
OSCAR MENDEZ JR.
MAXEY M. SCHERR**++
TIFFANY N. JOUDI**
ROLANDO MORALES**
BRITTANY L. LOPEZ**
RODRIGO RAMOS
*also member Oklahoma bar
**also member New Mexico bar
++also member Illinois bar
+Board Certified Personal Injury Law

**CONTACT**
1 TEXAS TOWER
109 N. OREGON 12TH FLOOR
EL PASO, TEXAS 79901
**VOICE**
(915) 544-0100
**FAX**
(915) 532-1759
**EMAIL**
CONTACT@SCHERRLEGATE.COM
**WEB**
SCHERRLEGATE.COM

January 29, 2021

To the District Clerk:

    RE:    ***Andres Castaneda v. Wal-Mart Stores Texas, LLC;***
Cause No. 2021DCV0313; 327th Judicial District Court of El Paso County, Texas

Please be advised that Plaintiff filed on January 29, 2021, Plaintiff's Original Petition, Plaintiff's First Set of Interrogatories to Defendant, Plaintiff's First Set of Request for Production to Defendant and Plaintiff's Jury Request.

**Please issue a citation for personal service to serve Defendant** WAL-MART STORES TEXAS, LLC is a Delaware company doing business in El Paso County, Texas and may be served with process by serving its registered agent CT CORPORATION SYSTEM at 1999 Bryan St., Suite 900, Dallas, Texas 75201 or wherever may be found.

Please email to my paralegal Samantha Rosales at <u>srosales@scherrlegate.com</u> the issued citations.

Very truly yours,

*/s/Oscar Mendez Jr.*

**OSCAR MENDEZ JR.**

OM/sr